129 Nev., Advance Opinion 18

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HOLCOMB CONDOMINIUM HOMEOWNERS' ASSOCIATION, INC., A NEVADA NONPROFIT CORPORATION, Appellant, vs. STEWART VENTURE, LLC, A NEVADA LIMITED LIABILITY COMPANY; LUTHER DAVID BOSTRACK, INDIVIDUALLY; MARTHA ALLISON, INDIVIDUALLY; PAUL MCKINZIE, INDIVIDUALLY; AND Q & D CONSTRUCTION, INC., A NEVADA CORPORATION, Respondents. | No. 57024 **FILED** APR 04 2013 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY CHIEF DEPUTY CLERK |

Appeal from a district court order dismissing a construction defect action. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Reversed and remanded.

Robert C. Maddox & Associates and Robert C. Maddox, Nancy A. Cyra, Bruce E. Cyra, Nancy H. Jasculca, and Eva G. Segerblom, Reno, for Appellant.

Hoffman, Test, Guinan & Collier and David J. Guinan, Reno, for Respondent Martha Allison.

Hoy & Hoy, PC, and Michael D. Hoy, Reno, for Respondent Paul McKinzie.

13-09835

Kelly L. Turner, Reno,
for Respondent Stewart Venture, LLC.

Lee, Hernandez, Landrum, Garofalo & Blake, APC, and David S. Lee,
Natasha A. Landrum, and Kelly L. Kindelan, Las Vegas,
for Respondent Q & D Construction, Inc.

Luther David Bostrack, Reno,
in Proper Person.

---

BEFORE PICKERING, C.J., HARDESTY and SAITTA, JJ.

OPINION

By the Court, HARDESTY, J.:

In this appeal, we consider whether statutory limitations periods for constructional defect claims may be contractually modified by parties to residential unit purchase agreements. We conclude that, in general, statutory limitations periods may be reduced by contract provided there is no statute to the contrary and the reduced limitations period is reasonable and does not violate public policy.

The parties dispute whether a provision in an arbitration agreement validly reduced the limitations period for appellant Holcomb Condominium Homeowners' Association's (HCHA) constructional defect negligence and warranty claims. NRS 116.4116 expressly permits a contractual reduction of its six-year limitations period for warranty claims to not less than two years if, with respect to residential units, the reduction agreement is contained in a "separate instrument." Since the

SUPREME COURT
OF
NEVADA

(O) 1947A

2

reduction provision is within an arbitration agreement that is attached to and incorporated into a purchase contract, we conclude that the reduction provision does not qualify as a "separate instrument" and the arbitration agreement provision is unenforceable for HCHA's breach of warranty claims. As such, the district court improperly dismissed HCHA's breach of warranty claims as contractually time-barred.

We further conclude that the district court improperly relied upon NRS 116.4116, which only governs warranty claims, in dismissing HCHA's negligence-based claims, and in declining to allow HCHA to amend its complaint to add additional claims for intentional conduct on the ground that these claims were also contractually time-barred. Accordingly, we reverse the district court's orders and remand this matter for further proceedings.

<u>FACTS AND PROCEDURAL HISTORY</u>

Holcomb Condominiums is a common interest community that was developed by respondent Stewart Venture, LLC. Respondents Paul McKinzie, Luther David Bostrack, and Q & D Construction, Inc., allegedly were involved in the development and construction of the condominiums, while respondent Martha Allison represented both the individual purchasers and Stewart Venture in the sale of the condominiums during July and August, 2002. Appellant HCHA is the homeowners' association for Holcomb Condominiums.

In 2007, HCHA served a notice of constructional defect claims pursuant to NRS 40.645. In 2009, HCHA filed, on behalf of itself and all Holcomb Condominium homeowners, a constructional defect complaint against respondents, alleging a variety of defects and claims for

negligence, negligence per se, negligent misrepresentation, and breach of express and implied warranties.

Stewart Venture and Allison moved to dismiss HCHA's complaint pursuant to NRCP 12(b)(5), asserting that the complaint was time-barred by a contractual two-year limitations period found in nearly identical arbitration agreements attached to each of the homeowner's purchase contracts.[1] The arbitration agreements attached to the purchase contracts contain a provision reducing the applicable statutory limitations periods for constructional defect claims to two years from substantial completion of the homeowner's property. In particular, the provision states

## II. TIME LIMITATIONS TO COMMENCE ACTION FOR DISPUTE

In the event that a Dispute arises, Buyer and Seller hereby waive the statute of limitations and statute of repose commencement requirements contained in Nevada Revised Statutes Chapter 11.190 to 11.206 inclusive, and Chapter 116.4116, and instead agree to submit all Disputes, under the procedures provided herein, within two (2) years from substantial completion of the Buyer's Property within the project. This limitation applies, without limitation, to known or unknown claims, claims which could have or could not have been discovered by a reasonable

---

[1]The parties do not address whether the district court had authority to resolve issues relating to the interpretation of the arbitration agreements even though the homeowners and Stewart Venture agreed to submit future disputes to arbitration. Thus, we do not address whether the issues on appeal should have first been submitted to arbitration pursuant to the arbitration agreements.

inspection, and claims which result from willful misconduct or which were fraudulently concealed.

The first lines of each arbitration agreement state that the agreement is a part of the purchase contract. In addition, paragraph 19 of the purchase contract states that the arbitration agreement is "attached" and "incorporated" into the purchase contract, and paragraph 25 requires the homeowner's initials to confirm that he or she received the arbitration agreement "incorporated herein and attached hereto."

The district court found that the arbitration agreements met the "separate instrument" requirement of NRS 116.4116 and that the reduced limitations period provision was not unconscionable. Thus, the court dismissed HCHA's complaint as time-barred by the two-year contractual limitations period. The court also denied as futile HCHA's oral request to amend its complaint to add causes of action for willful misconduct and fraudulent concealment based on missing roof underlayment because it found that this claim would also be time-barred by the contractual limitations period.

HCHA then filed a motion for reconsideration of the district court's order and moved in writing to amend its complaint to add causes of action for willful misconduct and fraudulent concealment. HCHA asserted that the proposed claim was the result of newly discovered evidence, which could not have been discovered previously because the roofing shingles were not removed until after the court heard HCHA's original motion. The district court denied both of HCHA's motions. It found that HCHA presented no evidence to alter the court's original findings that the arbitration agreements complied with the "separate instrument" requirement of NRS 116.4116, or that the proposed claim would also be time-barred by the contractual limitations period. HCHA now appeals.

 

## DISCUSSION

On appeal, we are asked to determine whether the homeowners and Stewart Venture validly contracted to reduce the limitations periods applicable to HCHA's claims, and whether the district court properly refused to allow new claims for intentional conduct because they also would be barred by the contractual limitations period. To do so, we must determine in the first instance whether statutory limitations periods may be contractually modified. We conclude that, generally, statutory limitations periods may be contractually reduced, as long as there is no statute to the contrary and the reduced limitations period is reasonable and does not violate public policy.

NRS 116.4116 allows parties to contractually reduce the limitations periods for constructional defect warranty claims to two years provided the agreement to do so is contained in a "separate instrument." We determine that the arbitration agreements containing the reduced limitations period that are attached to and incorporated into the purchase contracts do not satisfy the "separate instrument" requirement of the statute. Therefore, we conclude that the district court improperly dismissed HCHA's breach of warranty claims as contractually time-barred.

### Standard of review

Under NRCP 12(b)(5)'s failure-to-state-a-claim dismissal standard, "[a] complaint should not be dismissed unless it appears to a certainty that the plaintiff could prove no set of facts that would entitle him or her to relief." Cohen v. Mirage Resorts, Inc., 119 Nev. 1, 22, 62 P.3d 720, 734 (2003). This is a rigorous standard, "as this court construes the pleading liberally, drawing every inference in favor of the nonmoving

party." Citizens for Cold Springs v. City of Reno, 125 Nev. 625, 629, 218 P.3d 847, 850 (2009). "A court [may] dismiss a complaint for failure to state a claim upon which relief can be granted [when an] action is barred by the statute of limitations." Bemis v. Estate of Bemis, 114 Nev. 1021, 1024, 967 P.2d 437, 439 (1998); NRCP 12(b)(5). When the facts are uncontroverted, as we must so deem them here, the application of the statute of limitations is a question of law that this court reviews de novo. Citizens for Cold Springs, 125 Nev. at 629, 218 P.3d at 850; Day v. Zubel, 112 Nev. 972, 977, 922 P.2d 536, 539 (1996).[2]

Contractual reduction of statutory limitations periods

Whether a party may contractually modify a statutory limitations period is an issue of first impression in Nevada. However, in other jurisdictions, "it is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." Order of Travelers v. Wolfe, 331 U.S. 586, 608 (1947); see, e.g., William L. Lyon

_____

[2]McKinzie contends that the appropriate standard of review in this matter is the standard applied to an order granting summary judgment under NRCP 56, because after HCHA provided homeowner affidavits in support of its motions for reconsideration, the district court allowed HCHA to offer testimony to show what evidence it could produce if the motions to dismiss were treated as NRCP 56 motions for summary judgment. However, we conclude that the appropriate standard of review is that of an order granting an NRCP 12(b)(5) motion to dismiss, because the district court did not rely on any of HCHA's additional evidence when entering its order to dismiss.

& Assoc. v. Superior Court, 139 Cal. Rptr. 3d 670, 679-80 (Ct. App. 2012); Country Preferred Ins. Co. v. Whitehead, 979 N.E.2d 35, 42-43 (Ill. 2012); Robinson v. Allied Property and Cas. Ins., 816 N.W.2d 398, 402 (Iowa 2012); Creative Playthings v. Reiser, 978 N.E.2d 765, 769-70 (Mass. 2012); DeFrain v. State Farm, 817 N.W.2d 504, 512 (Mich. 2012); Hatkoff v. Portland Adventist Medical Cent., 287 P.3d 1113, 1121 (Or. Ct. App. 2012). The policy underlying this rule is the recognition of parties' freedom to contract. See Nuhome Investments, LLC v. Weller, 81 P.3d 940, 945 (Wyo. 2003) (holding that enforcing a contractual limitations period "comport[s] with the concept of freedom of contract"); see also Notre Dame v. Morabito, 752 A.2d 265, 273 (Md. Ct. Spec. App. 2000) (adopting this general rule "[i]n light of the[ ] well-settled holdings recognizing that parties' freedom to contract should be given effect absent clear policy considerations to the contrary").

Because Nevada has long recognized a public "interest in protecting the freedom of persons to contract," Hansen v. Edwards, 83 Nev. 189, 192, 426 P.2d 792, 793 (1967), we join these jurisdictions and hold that a party may contractually agree to a limitations period shorter than that provided by statute as long as there exists no statute to the contrary and the shortened period is reasonable, and subject to normal defenses including unconscionability and violation of public policy. See generally Rivero v. Rivero, 125 Nev. 410, 429, 216 P.3d 213, 226 (2009) ("Parties are free to contract, and the courts will enforce their contracts if they are not unconscionable, illegal, or in violation of public policy.").

A contractually modified limitations period is unreasonable if the reduced limitations period "effectively deprives a party of the reasonable opportunity to vindicate his or her rights." Hatkoff, 287 P.3d

Supreme Court
OF
Nevada

(O) 1947A

8

at 1121; see also William L. Lyon & Assoc., 139 Cal. Rptr. 3d at 680 ("'"Reasonable" in this context means the shortened period nevertheless provides sufficient time to effectively pursue a judicial remedy.'" (quoting Moreno v. Sanchez, 131 Cal. Rptr. 2d 684, 695 (Ct. App. 2003))). Thus, "a limitations provision that requires the plaintiff to bring an action before any loss can be ascertained is per se unreasonable."[3] Furleigh v. Allied Group Inc., 281 F. Supp. 2d 952, 968 (N.D. Iowa 2003).

In this case, the district court dismissed HCHA's asserted claims for negligence, negligence per se, negligent misrepresentation, and breach of express and implied warranties. In doing so, it relied upon NRS 116.4116's provisions permitting reduction of the applicable statutory limitations period to two years as long as such reduction is in a "separate instrument." However, NRS 116.4116 only applies to HCHA's breach of warranty claims and does not apply to HCHA's claims for negligence, negligence per se, and negligent misrepresentation. Therefore, we conclude that the district court erred in relying on this statute to find that HCHA's negligence-based claims were time-barred. Accordingly, we reverse the district court's order as to HCHA's negligence-based claims and remand these claims to the district court for it to determine whether

---

[3]The provision in the arbitration agreement stated that the statutory limitations periods in NRS 11.190-11.206 and NRS 116.4116 were "waive[d]." Although it appears from the language of the provision that the parties actually intended to reduce, and not waive, the limitations periods, a total waiver of a limitations period is unreasonable per se because it "effectively deprives a party of the reasonable opportunity to vindicate his or her rights." See Hatkoff v. Portland Adventist Medical Cent., 287 P.3d 1113, 1121 (Or. Ct. App. 2012).

SUPREME COURT OF NEVADA

(O) 1947A

the contractually modified limitations period was reasonable given the above factors.[4]

Because NRS 116.4116 expressly permits reduction of the statutory limitations period to two years, the relevant consideration is whether the reduction complies with the terms of the applicable statute. The factors to be considered for purely contractual modification are therefore not relevant to this analysis. Thus, HCHA's breach of warranty claims will be time-barred if the arbitration agreement otherwise complies with NRS 116.4116's requirements.

NRS 116.4116's "separate instrument" requirement

"Statutory interpretation is a question of law that [this court] review[s] de novo." Consipio Holding, BV v. Carlberg, 128 Nev. ___, ___, 282 P.3d 751, 756 (2012). When interpreting statutes, the court's main concern is the intent of the Legislature. Hardy Companies, Inc. v. SNMARK, LLC, 126 Nev. ___, ___, 245 P.3d 1149, 1153 (2010).

Respondents argue that the arbitration agreement constitutes a "separate instrument" because it is separate from the body of the main agreement. We disagree. NRS 116.4116 permits parties "to reduce the period of limitation to not less than 2 years" for breach of warranty claims

---

[4]We note that, on appeal, HCHA argues that the arbitration agreement is unconscionable because the reduced limitations period is unreasonable. Because we conclude that reversal is warranted on other grounds, we do not reach HCHA's unconscionability argument. Further, HCHA does not raise this argument in the context of contractual modification of limitations periods. The parties do not address whether contractual modification of the limitations period for HCHA's negligence claims was prohibited by a statute to the contrary, was unreasonable within the test we have set forth above, or was against public policy.

arising under NRS 116.4113 or NRS 116.4114. NRS 116.4116(1). When residential-use units are involved, such agreements "must be evidenced by a separate instrument executed by the purchaser." Id. However, the term "separate instrument" is not defined in NRS Chapter 116 or in the Uniform Common Interest Ownership Act (UCIOA). See NRS 116.4116; NRS 116.005-116.095 (providing definitions for NRS Chapter 116); Uniform Common Interest Ownership Act §§ 1-103, 4-116 (2009).

Because there is no statutory definition, we must look to the plain meaning of the term "separate instrument." See Consipio Holding, 128 Nev. at ___, 282 P.3d at 756. Black's Law Dictionary defines "separate" as "individual; distinct; particular; disconnected," 1487 (9th ed. 2009), and "instrument" as "[a] written legal document that defines rights, duties, entitlements, or liabilities." Id. at 869. Applying these definitions, we conclude that a "separate instrument" under NRS 116.4116 is any legal document defining rights, duties or liability that is not attached to or incorporated into the primary agreement itself.[5]

Our approach is consistent with that of another court addressing this issue. In 301 Clifton v. 301 Clifton Condominium Association, the Court of Appeals of Minnesota considered a similar statute adopted from the same provision of the UCIOA. 783 N.W.2d 551, 566-67 (Minn. Ct. App. 2010). The court noted that the American Heritage College Dictionary defined "separate" as something that is "set or

---

[5]The parties do not argue, and we do not address, whether NRS 116.4116 requires that the reduced limitations provision be in an instrument completely separate from any other instrument (including an arbitration agreement).

kept apart; disunited." Id. at 567. Applying this definition, the court held that an "attached exhibit" shortening the limitations period to two years was not a "separate instrument" because it was "incorporated into the purchase agreement by the language of the contract." Id.

Although the arbitration agreement is an "instrument" that defines the parties' rights and liabilities, it is attached to the purchase contract, and the purchase contract's language incorporates the arbitration agreement in three places. First, the opening paragraph of the purchase contract states that it and all of the attached addenda constitute one single agreement; second, paragraph 19 states that the arbitration agreement is "attached . . . and incorporated" into the purchase contract; and last, paragraph 25 requires the homeowner's initials to confirm that he or she received the arbitration agreement "incorporated herein and attached hereto." In addition, the first lines of the arbitration agreement state that it is a part of the purchase contract. Thus, the arbitration agreement was not "distinct" or "disconnected" because it was attached to and incorporated into the purchase contract by the language of the agreement and the purchase contract. Therefore, we conclude that the arbitration agreement is not a "separate instrument" under NRS 116.4116.

Because the arbitration agreement is not a "separate instrument" under NRS 116.4116, the reduced limitations provision is not enforceable and did not effectively reduce the limitations period to two years for HCHA's breach of warranty claims. See 301 Clifton, 783 N.W.2d at 567. Absent valid contractual modification, the limitations period for a breach of warranty claim in a constructional defect action is six years from the date the "purchaser to whom the warranty is first made enters into

possession" of the unit. NRS 116.4116(1)-(2)(a). As noted above, HCHA provided the first notice of its constructional defect breach of warranty claims five years after substantial completion of the units. Thus, HCHA's breach of warranty claims under NRS 116.4113 and NRS 116.4114 were timely, and the district court improperly dismissed HCHA's breach of warranty claims as time-barred.[6]

HCHA's motion to amend its complaint

HCHA argues that the district court abused its discretion by denying as futile the motion to amend its complaint because the contractual limitations period does not apply to HCHA's proposed causes of action for willful misconduct and fraudulent concealment. Leave to amend should be "'freely given,'" Kantor v. Kantor, 116 Nev. 886, 891, 8 P.3d 825, 828 (2000) (quoting NRCP 15(a)), and this court will not disturb a trial court's denial of leave to amend absent an abuse of discretion. University & Cmty. Coll. Sys. v. Sutton, 120 Nev. 972, 988, 103 P.3d 8, 19 (2004).

In this case, the district court denied as futile HCHA's motion to amend its complaint because it found that the contractual limitations period barred all claims not commenced within two years. Because we conclude that this provision was unenforceable, the district court's denial of the motion to amend on this basis was improper. On remand, the

---

[6]HCHA also asserts that the contractually reduced limitations period does not apply to it because it was not a party to the agreements. Because we reverse and remand the district court's orders on other grounds, we do not reach this issue.

 

district court must determine whether leave to amend should be given.[7]

Accordingly, we reverse and remand this matter to the district court for further proceedings consistent with this opinion.

_____, J.
Hardesty

We concur:

_____, C.J.
Pickering

_____, J.
Saitta

---

[7]For this same reason, we also reverse the district court's denial of HCHA's second motion to amend its complaint.