
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VOLVO CONSTRUCTION EQUIPMENT RENTS, INC., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> NRL RENTALS, LLC; et al., <br><br> Defendants - Appellees. | No. 13-15408 <br><br> D.C. No. 2:09-cv-00032-JCM-VCF <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 14, 2015
San Francisco, California

Before: THOMAS, Chief Judge, OWENS, Circuit Judge, and COLLINS,[**] Chief
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Raner C. Collins, Chief District Judge for the U.S.
District Court for the District of Arizona, sitting by designation.

Volvo Construction Equipment Rents, Inc. ("Volvo Rents") appeals the district court's order granting the defendants' motion for judgment under Federal Rule of Civil Procedure 52(c). We have jurisdiction under 28 U.S.C. § 1291.

"In reviewing a judgment following a bench trial, this court reviews the district court's findings of fact for clear error and its legal conclusions de novo. The same standard applies to the district court's involuntary dismissal of a claim under Rule 52(c)." *Price v. U.S. Navy*, 39 F.3d 1011, 1021 (9th Cir. 1994) (citations omitted). We affirm. Because the parties are familiar with the factual and legal history of the case, we need not recount it here.

I

The district court did not err in holding that Dwight and Marcel Bosworth ("Bosworths") were not personally liable under an alter ego theory for the approximately $10 million judgment entered against Bosworth Nevada Investments ("BNI"). BNI was a Nevada LLC of which the Bosworths served as members.

To hold a member of a Nevada LLC personally liable for the LLC's debts and obligations, a claimant must show that the member acted "as the alter ego of

2

the corporation." Nev. Rev. Stat. § 78.747(1).[1] To make such a showing, the

claimant must demonstrate that (1) the LLC is "influenced and governed by" the

member; (2) there is "such unity of interest and ownership that the [LLC] and the

[member] are inseparable from each other"; and (3) "[a]dherence to the corporate

fiction of a separate entity would sanction fraud or promote a manifest injustice."

*Id.* § 78.747(2). "Each of these requirements must be present before the alter ego

doctrine can be applied." *N. Arlington Med. Bldg., Inc. v. Sanchez Constr. Co.*,

471 P.2d 240, 243 (Nev. 1970). "'[T]he corporate cloak is not lightly thrown

aside' and [] the alter ego doctrine is an exception to the general rule recognizing

corporate independence." *LFC Mktg. Grp., Inc. v. Loomis*, 8 P.3d 841, 846 (Nev.

---

[1] Technically, § 78.747 provides that "no stockholder, director or officer of a *corporation* is individually liable for a debt or liability of the corporation, unless the stockholder, director or officer acts as the alter ego of the corporation." Nev. Rev. Stat. § 78.747(1) (emphasis added). Although the provision does not refer to LLCs or their members – and, by its terms, governs only *corporate* shareholders and officers – both the district court and the parties in this case have assumed that the provision applies with equal force to LLC members, like the Bosworths. The Nevada Supreme Court has made the same assumption, without expressly deciding the issue, in recent cases. *See, e.g.*, *Webb v. Shull*, 270 P.3d 1266, 1271 n.3 (Nev. 2012) ("The parties assume that NRS 78.747, which is part of the statutory chapter governing corporations, applies to the alter ego assertion against Shull and Celebrate, an LLC. Accordingly, for purposes of this appeal, we likewise assume, without deciding, that the statute applies and analyze their alter ego arguments under that standard."). We therefore also assume, without deciding, that § 78.747 governs the scope of LLC member liability in Nevada.

3

2000) (per curiam) (quoting *Baer v. Amos J. Walker, Inc.*, 452 P.2d 916, 916 (Nev. 1969)).

Volvo Rents contends that the Bosworths treated BNI as their alter ego by allegedly: undercapitalizing both BNI and the Las Vegas franchise, NRL Rentals; lending funds to NRL Rentals and helping NRL Rentals apply for outside financing; overseeing the filing of certain tax documents; and failing to keep precise business records. The district court correctly concluded that these allegations – many of which are not even relevant to establishing alter ego liability – were not supported by the trial record.

Because Volvo Rents did not present sufficient evidence to prevail on its alter ego claim, its contention that the district court erred by requiring it to produce additional evidence of "fraud or intentional wrongdoing," does not provide grounds for reversal. Even if the district court did impose such a requirement on Volvo Rents – and it is not entirely clear that it did – Volvo Rents' failure to satisfy the three factors outlined in § 78.747 rendered that error harmless.

## II

The district court did not err in holding that the Bosworths were not personally liable under an alter ego theory for the approximately $10 million

4

judgment entered against NRL Texas Rentals, LLC ("NRL Texas") and NRL San Antonio Rentals, LP ("NRL San Antonio") (collectively, "the Texas Franchises").

A

The parties and the district court proceeded under the assumption that the plaintiff's alter ego theory against the Bosworths for the judgment against the Texas Franchises should be decided under Nevada law and, further, that there were no substantive differences between Nevada and Texas law concerning alter ego liability. "To determine the applicable substantive law, a federal court sitting in diversity applies the choice-of-law rules of the forum." *Narayan v. EGL, Inc.*, 616 F.3d 895, 898 (9th Cir. 2010). The forum state in this case, Nevada, follows the approach endorsed by the Restatement (Second) of Conflict of Laws to determine the substantive law governing questions of shareholder liability. Under that approach, the "local law of the state of incorporation will be applied to determine the existence and extent of a shareholder's liability to the corporation for assessments or contributions and to its creditors for corporate debts." Restatement (Second) of Conflict of Laws § 307; *see also* Nev. Rev. Stat. § 88.570 ("The laws of the state or jurisdiction under which a foreign limited partnership is organized govern its organization and internal affairs and the liability of its limited partners."); *id.* § 86.543 ("The laws of the state, pursuant to which a foreign

limited-liability company is organized, govern its organization, internal affairs and the liability of its managers and members.").

In this case, the Texas Franchises were organized under Texas law. Thus, we must apply Texas law to determine whether the Bosworths may be held personally liable for the debts of the Texas Franchises.

B

NRL Texas is an LLC owned and operated solely by the Bosworths' former business associate, Roberto Balli. The Bosworths themselves never served as members, managers, or officers of the company nor did they ever hold themselves out as such. Accordingly, they cannot be held personally liable for the company's debts and obligations. While "Texas case law is replete with scenarios where courts have disregarded the corporate fiction and applied the alter ego doctrine as a means to impose personal liability on a *shareholder* or a *corporate officer* for corporate obligations," *Valley Mech. Contractors, Inc. v. Gonzales*, 894 S.W.2d 832, 835 (Tex. App. 1995) (emphasis added), there do not appear to be any Texas cases imposing such liability on individuals who did not own or control a stake in the corporation.

Even if the Bosworths could theoretically be held liable for NRL Texas's debts and obligations, the evidence presented at trial was not sufficient to show that

6

they treated the company as their alter ego under Texas law. Texas law provides that "the veil of an LLC may be pierced with respect to the entity's contractual liabilities only upon proof that the defendant used the LLC to perpetrate *actual fraud* for the defendant's *direct personal benefit*." *Shook v. Walden*, 368 S.W.3d 604, 607 (Tex. App. 2012) (emphasis added); *see also id.* at 612-13 (discussing "actual fraud" requirement of Tex. Bus. Orgs. Code Ann. §§ 101.002, 21.223). Volvo Rents did not present sufficient evidence at trial to show that the Bosworths committed "actual fraud" for their "direct personal benefit."

C

NRL San Antonio is a limited partnership and, under Texas law, the "theory of piercing the corporate veil is inapplicable to limited partnerships." *Seidler v. Morgan*, 277 S.W.3d 549, 558 n.5 (Tex. App. 2009); *see also Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n*, 77 S.W.3d 487, 499 (Tex. App. 2002) ("The theory of alter ego, or piercing the corporate veil, is inapplicable to partnerships."). Thus, because the Bosworths are limited partners – not general partners – they may not be held personally liable for NRL San Antonio's debts and obligations. *See* Tex. Bus. Org. Code Ann. § 153.102 (providing that a limited partner shall not be liable for the debts of a partnership unless he or she induces someone to reasonably believe that he or she is a general partner).

7

## D

Thus, Volvo Rents is not entitled to judgment against the Bosworths under an alter ego theory for the judgment entered against the Texas franchises. To the extent that the district court applied Nevada law, that error was harmless because Volvo Rents was not entitled to recover under Texas law.[2]

**AFFIRMED.**

---

[2] We also note that the parties agreed that the result would be the same under Nevada or Texas law, so neither party suggests error. Because Texas law imposes more stringent requirements for alter ego liability, a holding that recovery was not permitted under Nevada law necessarily implies that Volvo Rents could not satisfy the more rigorous requirements of Texas law.