IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SUSAN M. HUNT-KRYGIELL, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN M. HUNT-KRYGIELL REVOCABLE TRUST,<br>Appellants,<br>vs.<br>BALLARD SPAHR LLP, A FOREIGN LIMITED LIABILITY PARTNERSHIP; STANLEY W. PARRY, ESQ., INDIVIDUALLY AND IN HIS CAPACITY AS PARTNER, BALLARD SPAHR LLP; AND MICHAEL M. MILES, ESQ.,<br>Respondents. | No. 66767<br><br>**FILED**<br>MAY 17 2018<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a complaint as barred by the statute of limitations in a legal malpractice matter. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant Susan Hunt-Krygiell hired respondent law firm Ballard Spahr LLP to represent her in a deficiency judgment action when she defaulted on a personal guaranty. The deficiency judgment action concluded on September 2, 2010. Approximately four years later, on May 9, 2014, Krygiell filed a complaint against Ballard Spahr asserting claims for legal malpractice and breach of fiduciary duty. Therein, Krygiell contends that she informed Ballard Spahr that the bank held certain appraisals pertinent to the deficiency judgment action, but that Ballard Spahr failed to discover them. She argues these appraisals would have affected the deficiency judgment amount. She also asserts that Ballard

18-18824

Spahr told her the appraisals were "nondiscoverable work product," thus concealing a necessary fact for her malpractice claims to accrue. Krygiell argues that her claims did not accrue until August 2012, when she consulted new counsel and was informed the appraisals were discoverable. Ballard Spahr, arguing that the statute of limitations began in February 2010 when Krygiell admitted having actual knowledge of the appraisals, moved to dismiss the complaint as time barred under NRS 11.207(1). The district court ultimately dismissed the complaint under NRS 11.207, following which Krygiell filed a motion for reconsideration, which was denied. She now appeals.

*Standard of Review*

A district court may properly dismiss a complaint when barred by the statute of limitations. *Holcomb Condo. Homeowners' Ass'n, Inc. v. Stewart Venture, LLC*, 129 Nev. 181, 186, 300 P.3d 124, 128 (2013). "This court reviews de novo a district court's order granting a motion to dismiss, and such an order will not be upheld unless it appears beyond a doubt that the plaintiff could prove no set of facts that would entitle him or her to relief." *Munda v. Summerlin Life & Health Ins. Co.*, 127 Nev. 918, 923, 267 P.3d 771, 774 (2011) (internal quotations omitted). Under this standard, "this court construes the pleading liberally, drawing every inference in favor of the nonmoving party." *Holcomb Condo. Homeowners' Ass'n*, 129 Nev. at 186, 300 P.3d at 128 (quoting *Citizens for Cold Springs v. City of Reno*, 125 Nev. 625, 629, 218 P.3d 847, 850 (2009)).

*The district court properly dismissed Krygiell's claims*

On appeal, Krygiell argues that her claims were tolled until August 2012, when she consulted new counsel and learned that the appraisals held by the bank were discoverable. She further contends that when the statute of limitations period began is a factual determination and

 

the district court erred by making this determination instead of leaving it to the trier of fact. Ballard Spahr counters that the district court properly dismissed Krygiell's complaint as barred by NRS 11.207(1)'s two-year statute of limitations because Krygiell knew all material facts relevant to her claims in February 2010, and thus was on inquiry notice of her claims at that time.

NRS 11.207(1) sets forth the statute of limitations for an attorney malpractice claim and contains a discovery rule. It states that "[a]n action against an attorney . . . to recover damages for malpractice . . . must be commenced within 4 years after the plaintiff sustains damage or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier." NRS 11.207(1); *see Semenza v. Nev. Med. Liab. Ins. Co.*, 104 Nev. 666, 667-68, 765 P.2d 184, 185 (1988) (explaining that a legal malpractice claim "is premised upon an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages"). In *Hewitt v. Allen*, this court stated, "[a]s a general rule, a legal malpractice action does not accrue until the plaintiff knows, or should know, all the facts relevant to the . . . elements [of a legal malpractice claim] and damage has been sustained." 118 Nev. 216, 221, 43 P.3d 345, 347-48 (2002).

The primary question in this case is when Krygiell discovered or reasonably should have discovered the necessary facts for her legal malpractice claims. Within the context of medical malpractice, this court has held that a plaintiff "discovers his legal injury when he knows or, through the use of reasonable diligence, should have known of facts that

would put a reasonable person on inquiry notice of his cause of action." *Massey v. Litton*, 99 Nev. 723, 728, 669 P.2d 248, 252 (1983). A plaintiff is on inquiry notice "when he or she should have known of facts that 'would lead an ordinarily prudent person to investigate the matter further.'" *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 252, 277 P.3d 458, 462 (2012) (quoting *Black's Law Dictionary* 1165 (9th ed. 2009)). "The focus is on the [plaintiff's] knowledge of or access to facts rather than on her discovery of legal theories." *Massey*, 99 Nev. at 728, 669 P.2d at 252.

In dismissing the complaint, the district court concluded that Krygiell's "allegations demonstrate that [she] knew of the material facts that formed the basis of [her] claims in February, 2010" and thus, "the statute of limitations had already run at the time the Complaint was filed." We agree.

"The appropriate accrual date for the statute of limitations is a question of law only if the facts are uncontroverted." *Day v. Zubel*, 112 Nev. 972, 977, 922 P.2d 536, 539 (1996); *see also Siragusa v. Brown*, 114 Nev. 1384, 1391, 971 P.2d 801, 806 (1998) (recognizing the federal court rule that "the time of discovery may be decided as a matter of law only where uncontroverted evidence proves that the plaintiff discovered or should have discovered the fraudulent conduct"). Here, Krygiell admitted she had knowledge of the appraisals held by the bank as far back as February 2010. As such, Krygiell had access to all the facts necessary to bring her legal malpractice claims at that time, but was merely unaware the statute of limitations on her claims had begun to run. Moreover, Ballard Spahr's representation of Krygiell ended on September 2, 2010—well before Krygiell filed her legal malpractice claims on May 9, 2014. September 2, 2010 is therefore the latest date in which Krygiell could claim the statute of

limitations began to run on her claims. Thus, "uncontroverted evidence" establishes that Krygiell discovered or reasonably should have discovered her legal malpractice claims by September 2, 2010 well outside the two-year period allowed by NRS 11.207. *Siragusa*, 114 Nev. at 1391, 971 P.2d at 806.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Valorie J. Vega, District Judge
       Nathaniel J. Reed, Settlement Judge
       Law Offices of C. Conrad Claus
       Ballard Spahr LLP/Las Vegas
       Keker, Van Nest & Peters LLP
       Eighth District Court Clerk

---

[1]We have considered Krygiell's remaining arguments and conclude they are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A