# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27,
Respondent.

No. 76644

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment in a quiet title action.[1] Eighth Judicial District Court, Clark County; Mark R. Denton, Judge. We review a district court's legal conclusions following a bench trial de novo, but we will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018).

The district court found, and appellant does not dispute, that respondent tendered an amount in excess of the superpriority default amount before the homeowners association foreclosed on the subject property. Based on this fact, the district court concluded that respondent's tender cured the superpriority default such that the foreclosure sale did not extinguish respondent's first deed of trust on the property. *See Bank of Am.,*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-34506

*N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) ("A valid tender of payment operates to discharge a lien.").

On appeal, appellant challenges the timeliness of respondent's assertion of tender and argues that the district court should have found the claim untimely under NRS 11.190(3)(a)'s three-year statute of limitations for claims made "upon a liability created by statute." We review such arguments de novo. *Holcomb Condos. Homeowners' Ass'n v. Stewart Venture, LLC*, 129 Nev. 181, 186-87, 300 P.3d 124, 128 (2013) ("[T]he application of the statute of limitations is a question of law that this court reviews de novo."). We conclude that the district court properly rejected this argument because respondent raised tender as an affirmative defense and affirmative defenses are not subject to statutes of limitation. *See, e.g., Nev. State Bank v. Jamison Family P'ship*, 106 Nev. 792, 798-99, 801 P.2d 1377, 1381-82 (1990) (reasoning that a party could raise an affirmative defense despite the statute of limitations based on equitable considerations); *Dredge Corp. v. Wells Cargo, Inc.*, 180 Nev. 99, 102, 389 P.2d 394, 396 (1964) ("Limitations do not run against defenses."); *see also City of Saint Paul v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003) (concluding that statutes of limitation do not apply to defenses because "[w]ithout this exception, potential plaintiffs could simply wait until all available defenses are time-barred and then pounce on the helpless defendant"). And we are not convinced by appellant's arguments that we should apply a time limitation to the affirmative defense of tender in this case. As appellant raises no other challenge to the conclusion that respondent's tender resulted in appellant purchasing the property subject to respondent's deed of trust, *see Bank of Am.*, 134 Nev. at 612, 427 P.3d at 121 (holding that valid tender of the superpriority default amount before the foreclosure sale results in the

purchaser at the foreclosure sale taking title to the property subject to the first deed of trust), we necessarily

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. Mark R. Denton, District Judge
Eleissa C. Lavelle, Settlement Judge
Kim Gilbert Ebron
Akerman LLP/Las Vegas
Eighth District Court Clerk