IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
BANK OF NEW YORK MELLON, F/K/A
BANK OF NEW YORK, AS TRUSTEE,
IN TRUST FOR REGISTERED
HOLDERS OF CWABS, INC., ASSET-
BACKED CERTIFICATES, SERIES
2005-IM3, A/K/A THE BANK OF NEW
YORK MELLON, F/K/A THE BANK OF
NEW YORK AS TRUSTEE FOR
CERTIFICATEHOLDERS CWABS, IN.
ASSET-BACKED CERTIFICATES,
SERIES 2005-IM3,
Respondent.

No. 79290

FILED

MAY 20 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment in a judicial foreclosure and quiet title action. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.[1]

The district court granted judgment for respondent, concluding that the first deed of trust survived the HOA's 2013 foreclosure sale. As the basis for its conclusion, the district court found that respondent's agent (Miles Bauer) tendered the superpriority portion of the HOA's lien such that

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-16032

the deed of trust was not extinguished by the foreclosure sale. In so doing, the district court determined that respondent was not time-barred from asserting its tender "claim" because respondent referenced the tender in its January 20, 2015, interrogatory responses and filed an amended complaint asserting a quiet title claim on January 21, 2015, such that appellant was sufficiently apprised of the tender "claim" within any applicable limitations period.

After briefing in this appeal was completed, we decided *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 138 Nev., Adv. Op. 3, 503 P.3d 299 (2022), wherein we held that NRS 11.220's four-year limitations period governs a deed of trust beneficiary's quiet title claim in situations such as in this case. Thus, under *Thunder Properties*, respondent's 2015 quiet title claim was timely under any conceivable accrual date of NRS 11.220's limitations period. *See id.* at 306 ("[T]he statute of limitations should not run against a lienholder until it has something closely analogous to 'notice of disturbed possession,' such as repudiation of the lien." (quoting *Berberich v. Bank of Am., N.A.*, 136 Nev. 93, 97, 460 P.3d 440, 443 (2020))). Consequently, the district court correctly determined that respondent's quiet title claim was timely.[2] *See Holcomb Condos. Homeowners' Ass'n v. Stewart Venture, LLC*, 129 Nev. 181, 186-87, 300 P.3d 124, 128 (2013) ("[T]he application of the statute of limitations is a question of law that this court reviews de novo."); *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 253, 277 P.3d 458, 463 (2012) ("The appropriate accrual date for the statute of limitations is a question of law only if the facts are uncontroverted."

---

[2]Insofar as appellant suggests that respondent needed to specifically plead "tender" as a "claim" in its complaint or reference "tender" therein, we are not persuaded, at least under the facts of this case.

(internal alteration and quotation marks omitted)). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Parraguirre

_____, J.                 _____, Sr. J.
Hardesty                                      Gibbons

cc:    Hon. Eric Johnson, District Judge
       Eleissa C. Lavelle, Settlement Judge
       Hanks Law Group
       Wright, Finlay & Zak, LLP/Las Vegas
       Eighth District Court Clerk

_____

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.