## WASHOE COUNTY SHERIFF, Appellant, v. PAUL WALTER ZIMMERMAN, Respondent.

### No. 14203

June 10, 1983                                    663 P.2d 1194

*Brian McKay,* Attorney General, Carson City; *Mills B. Lane,* District Attorney, *Edward B. Horn,* Deputy District Attorney, Washoe County, for Appellant.

*David Parraguirre,* Public Defender, *John C. Morrow,* Deputy Public Defender, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Officer Charles Saulnier, a Reno police officer, went with his fiancee to a Sparks pizza parlor to watch a sporting event on

television. There he met members of his family and a fellow officer, Marvin Barnes. During the course of the game, an altercation broke out among other patrons at the pizza parlor. Saulnier and Barnes reacted initially by displaying badges and identifying themselves as police officers. Once so identified, the officers were urged by other patrons to break up the fight. They did this, and managed to move the disputing parties outside. Fights again broke out once the parties moved outside. Barnes and Saulnier again identified themselves as police officers and moved to break up these fights. In the course of doing so, Saulnier was struck and injured by respondent Zimmerman. Zimmerman was immediately arrested and subsequently charged with battery upon an officer causing substantial bodily harm, a violation of NRS 200.481(2)(c). Zimmerman sought a pretrial writ of habeas corpus on the ground that there was an insufficient showing of probable cause at the preliminary hearing to believe Zimmerman committed the crime charged. The basis of this contention was that Saulnier was outside the city of his jurisdiction and was therefore not acting pursuant to his authority as an officer when he was struck by Zimmerman. The lower court agreed, and released the respondent. The Washoe County Sheriff has appealed. We reverse.

NRS 200.481 provides in part:

> 200.481   Battery: Definition; penalties.
> 1.   As used in this section:
> (a) "Battery" means any willful and unlawful use of force or violence upon the person of another.
>
> . . . .
> (c) "Officer" means:
>    (1) A peace officer as defined in NRS 169.125;
>
> . . . .
> 2.   Any person convicted of a battery . . . shall be punished:
>
> . . . .
> (c) *If the battery is committed upon an officer and:*
>    (1) *The officer was performing his duty;*
>    (2) The officer suffers substantial bodily harm; and
>    (3) The person charged knew or should have known that the victim was an officer, by imprisonment in the state prison for not less than 1 year nor more than 6 years, or by a fine of not more than $15,000, or by both fine and imprisonment. (Emphasis added.)

NRS 169.125(7) defines peace officers as "[m]arshals and policemen of cities and towns."

Saulnier was apparently a regular full-time Reno policeman

and was thus an "officer" within the provisions of NRS 169.125(7) and NRS 200.481(1)(c)(1). It is undisputed that Saulnier suffered substantial bodily injury and that Zimmerman knew or should have known that Saulnier was an "officer." The sole issue presented is whether Saulnier was performing his duty, within the meaning of NRS 200.481(2)(c)(1), at the time he was struck by Zimmerman.

The statute providing an enhanced penalty for committing a battery upon an officer is obviously meant for the protection of peace officers. *Cf.* United States v. Feola, 420 U.S. 671 (1975) (18 U.S.C. § 111, making it an offense to assault a federal officer engaged in the performance of his official duties, was similarly meant to protect federal officers). This objective justifies interpreting the "performance of his duty" provision broadly. Statutes in other jurisdictions with the same objective have been similarly interpreted. *See* United States v. Velarde, 528 F.2d 387 (9th Cir. 1975); United States v. Reid, 517 F.2d 953 (2d Cir. 1975); State v. Cook, 440 A.2d 137 (R.I. 1982). This interpretation is particularly appropriate with regard to policemen charged with preventing crime and apprehending violators. These officers routinely encounter potentially violent situations and are specially trained to deal with them. The public can reasonably expect that a trained law enforcement officer will act to prevent a breach of the public peace more so than an ordinary passerby or citizen. This expectation is specifically evidenced in this case by the fact that other patrons urged the officers to break up the fight. We therefore hold that Officer Saulnier, who in fact responded to a breach of the public peace, was entitled to the protection afforded by the statute.[1] Consequently, respondent Zimmerman is subject to the enhanced penalty of NRS 200.481(2)(c) for injuring Officer Saulnier. Accordingly, the order of the district court is reversed and the court is directed to reinstate the information.

[1] We express no opinion whether the statute is similarly applicable to other peace officers in NRS 169.125. We also express no opinion as to the scope of an officer's powers to search or arrest outside of his jurisdiction.