SCOTT J. WEBB, AN INDIVIDUAL, APPELLANT/CROSS-RESPONDENT, v. HARRY H. SHULL, AN INDIVIDUAL, RESPONDENT, AND CELEBRATE PROPERTIES, LLC, A NEVADA LIMITED LIABILITY COMPANY, RESPONDENT/CROSS-APPELLANT.

No. 55153

March 1, 2012                                        270 P.3d 1266

*Maddox, Isaacson & Cisneros, LLP*, and *Norberto J. Cisneros*, Las Vegas, for Appellant/Cross-Respondent.

*Coleman Law Associates* and *Edward S. Coleman*, Las Vegas, for Respondent and Respondent/Cross-Appellant.

Before DOUGLAS, HARDESTY and PARRAGUIRRE, JJ.

## OPINION

By the Court, HARDESTY, J.:

This is an appeal and cross-appeal from a district court judgment awarding appellant homebuyer treble damages against respondent seller, a limited liability company, but refusing to find that the individual respondent, a former manager of the limited liability company, is liable for the judgment as the company's alter ego.

We first consider the seller's cross-appeal, in which we address whether the district court's award of treble damages under NRS 113.150(4), a statute which awards treble damages for a seller's delayed disclosure or nondisclosure of property defects, requires a predicate finding of willfulness, or mental culpability. In this case, the district court did not make a finding concerning the seller's statutory liability that it acted willfully. Because we conclude that no such mental state was required, we affirm the district court on this issue. We conclude that the Legislature has the authority to establish the elements and measure of damages in a statutorily created claim. Thus, when a statute lacks an express or implicit mental culpability element, we presume that the Legislature intended to omit such an element. Furthermore, deferring to legislative intent,

we decline to imply a heightened level of mental culpability to a statute that is not punitive in nature.

We also briefly address the district court's denial of appellant's assertion that the individual manager is the alter ego of the company. But because the district court in this case failed to explain its reasoning for denying alter ego status, we are unable to review the alter ego issue. Accordingly, we affirm in part and vacate in part the district court's judgment, and we remand this matter to the district court on the alter ego issue.

## FACTS AND PROCEDURAL HISTORY[1]

Appellant/cross-respondent Scott Webb purchased a home from respondent/cross-appellant Celebrate Properties, LLC. Celebrate was initially co-managed by respondent Harry Shull and another person, but management was later transferred to two companies, one of which was also managed by Shull.

Unbeknownst to Webb, the home had been sold once before. The initial purchasers of the home discovered soil-related construction defects and, pursuant to NRS Chapter 40, served notice of the construction defects, attaching an expert report in support of their claims. To settle that matter, respondents purchased the home back from the initial purchasers. In the repurchase, however, Celebrate could not obtain proper financing, so Shull purchased the home in his own name and then sold the residence to Celebrate for one dollar, with Shull's name remaining on the mortgage. The soil problems were not addressed, nor were they disclosed to Webb prior to purchase on the standard disclosure forms provided to him or otherwise, in violation of statutes that require such disclosures.

Upon discovering problems with the soil, Webb sued respondents, alleging various claims regarding the failure to disclose the soil-related construction defects and arguing that Shull was the alter ego of Celebrate. Webb sought, among other things, treble damages pursuant to NRS 113.150(4), a statute that awards treble damages for a seller's nondisclosure or delayed disclosure of known property defects. The district court found that Celebrate made negligent misrepresentations about the soil defects and failed to disclose them, and the court awarded treble damages under NRS 113.150(4). The district court also concluded, however, that Shull was not the alter ego of Celebrate and consequently rendered the judgment against Celebrate only. Webb appeals, challenging the

---

[1]A trial transcript was not included in the record on appeal. Thus, we must assume the record supports the district court's findings. *See Borgerson v. Scanlon*, 117 Nev. 216, 221, 19 P.3d 236, 239 (2001) (stating that " '[w]hen evidence on which a district court's judgment rests is not properly included in the record on appeal, it is assumed that the record supports the lower court's findings' " (alteration in original) (quoting *Raishbrook v. Estate of Bayley*, 90 Nev. 415, 416, 528 P.2d 1331, 1331 (1974))).

district court's alter ego determination; Celebrate cross-appeals to challenge the award of treble damages. We address the cross-appeal first.

## DISCUSSION

NRS 113.150 governs remedies for a seller's delayed disclosure or nondisclosure of defects in a sale of residential property. NRS 113.150(4) provides, in pertinent part, that with limited exceptions not applicable here, treble damages are warranted when a seller sells residential property without disclosing known defects:

> if a seller conveys residential property to a purchaser without complying with the requirements of NRS 113.130 or otherwise providing the purchaser . . . with written notice of all defects in the property of which the seller is aware, and there is a defect in the property of which the seller was aware before the property was conveyed to the purchaser and of which the cost of repair or replacement was not limited by provisions in the agreement to purchase the property, the purchaser is entitled to recover from the seller treble the amount necessary to repair or replace the defective part of the property, together with court costs and reasonable attorney's fees. . . .

Here, the district court awarded Webb treble damages on the ground that Celebrate was aware of the soil defects and breached its duty to disclose them. However, while the district court denied relief on Webb's claim for intentional misrepresentation, it did not make a finding that Celebrate acted willfully or intentionally in awarding damages under NRS 113.150(4). On cross-appeal, Celebrate argues that the district court erred when it awarded treble damages without finding grossly negligent, reckless, or intentional misconduct, because such a finding is required due to the treble damages' punitive nature. In response, Webb argues that because no level of mental culpability is mentioned in the statute, and because the statute states that the purchaser is "entitled to" treble damages for an undisclosed defect, the district court must award treble damages, regardless of the seller's mental state.

*NRS 113.150(4) does not expressly or implicitly require a mental culpability level*

This court reviews issues of statutory construction de novo. *Hardy Companies, Inc. v. SNMARK, LLC*, 126 Nev. 528, 533, 245 P.3d 1149, 1153 (2010). When interpreting a statute, we first look

to its language, and "[w]hen the language . . . is clear on its face, 'this court will not go beyond [the] statute's plain language.' " *J.E. Dunn Nw. v. Corus Constr. Venture*, 127 Nev. 72, 79, 249 P.3d 501, 505 (2011) (second alteration in original) (quoting *Great Basin Water Network v. State Eng'r*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010)).

The language of NRS 113.150(4) lacks any reference to the seller's mental state. Confronting a similar issue, the United States Supreme Court declined to infer an intent requirement into a statute that did not expressly or implicitly contain such a requirement. *Dean v. United States*, 556 U.S. 568, 572 (2009). The Supreme Court explained that it " 'ordinarily resist[s] reading words or elements into a statute that do not appear on its face.' " *Id.* at 572 (quoting *Bates v. United States*, 522 U.S. 23, 29 (1997)). Thus, because the statute did "not require that the [action at issue] be done knowingly or intentionally, or otherwise contain words of limitation," *id.* at 572, and because nothing in the statute's syntax or structure suggested that intent was required, the Court declined to "contort[ ] and stretch[ ] the statutory language to imply an intent requirement." *Id.* at 574. Similarly, NRS 113.150 does not expressly require that the seller's nondisclosure be knowing or intentional, or otherwise contain words of limitation. Further, the statute's structure supports our conclusion that no heightened level of mental culpability is required. NRS 113.150(5) provides exceptions to the provision entitling a purchaser to treble damages, applicable in instances in which the seller relied on certain government or contractor statements in omitting information regarding a property defect:

> A purchaser may not recover damages from a seller pursuant to subsection 4 on the basis of an error or omission in the disclosure form that was caused by the seller's reliance upon information provided to the seller by:
> (a) An officer or employee of this State or any political subdivision of this State in the ordinary course of his or her duties; or
> (b) A contractor, engineer, land surveyor, certified inspector as defined in NRS 645D.040 or pesticide applicator, who was authorized to practice that profession in this State at the time the information was provided.

If intent were required to award treble damages in the first instance, there likely would be no need to include these exceptions for relying on government or contractor statements, because doing

so would automatically negate the intent requirement. *See Southern Nev. Homebuilders v. Clark County*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005) (explaining that this court interprets statutory provisions in harmony with the statutory scheme and to avoid absurd results). Accordingly, we conclude that the treble damages provision of NRS 113.150 does not expressly or implicitly require a heightened level of mental culpability.

> *Treble damages awarded under NRS 113.150(4) are remedial, not punitive*

Nonetheless, Celebrate argues that even if NRS 113.150(4) is silent on a mental culpability requirement, the Legislature must have intended to include such a requirement because treble damages are punitive in nature, and obtaining punitive damages requires proof of intentional wrongdoing. *See, e.g.*, NRS 42.005(1) (governing statutory punitive damages and expressly requiring "clear and convincing evidence that the defendant has been guilty of *oppression, fraud or malice*" (emphasis added)). But even if all punitive-natured damages require proof of intentional wrongdoing, we conclude that NRS 113.150(4) does not, because it is not strictly punitive in nature.

Punitive damages are awarded not as compensation to the victim but to punish the offender for severe wrongdoing. *Bongiovi v. Sullivan*, 122 Nev. 556, 580, 138 P.3d 433, 450 (2006). In contrast to punitive damages, as recognized by the United States Supreme Court, "it is important to realize that treble damages have a compensatory side, serving remedial purposes in addition to punitive objectives." *Cook County v. United States ex rel. Chandler*, 538 U.S. 119, 130 (2003). Indeed, as one commentator has expressed, "[t]reble damages are not easily characterized because they contain both punitive and remedial elements. Despite the hybrid nature of treble damages, at least one-third of treble damages is remedial; the jury finds those damages necessary to compensate the victim for his loss." Robert S. Murphy, *Arizona RICO, Treble Damages, and Punitive Damages: Which One Does Not Belong?*, 22 Ariz. St. L.J. 299, 302 (1990) (internal footnotes omitted). For example, the United States Supreme Court has found a provision awarding treble damages for antitrust violations remedial, based not only on legislative remarks, but also because the provision " 'ma[de] awards available only to injured parties, and measure[d] the awards by a multiple of the injury actually proved . . . .' " *Mitsubishi Motors v. Soler Chrysler-Plymouth*, 473 U.S. 614, 635-36 (1985) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 485-86 (1977)).

Some jurisdictions have generally concluded that statutory treble damages are penal;[2] however, "cases have placed different statutory treble-damages provisions on different points along the spectrum between purely compensatory and strictly punitive awards." *PacifiCare Health Systems, Inc. v. Book*, 538 U.S. 401, 405 (2003) (referring to several United States Supreme Court cases that explain the nature of treble damages). "[T]he tipping point between payback and punishment defies general formulation [and is] dependent on the workings of a particular statute and the course of particular litigation . . . ." *Cook County*, 538 U.S. at 130. As the District of Columbia Court of Appeals explained,

> Statutory provisions for double or treble damages often do serve the same purposes as punitive damages. . . . When the award of multiple damages is intended to serve penal purposes, it is a substitute for punitive damages, and the same or similar proof requirements usually must be satisfied. . . .
>
> On the other hand, multiple damages provisions may be enacted to serve remedial rather than punitive purposes, such as ensuring full compensation or encouraging private enforcement of the law . . . . When treble damages are awarded for remedial purposes, they are not a substitute for punitive damages and the heightened proof requirements for punitive damages do not apply.

*District Cablevision Ltd. v. Bassin*, 828 A.2d 714, 726-27 (D.C. 2003) (internal citations omitted). Based on these considerations, we decline to declare that treble damages are per se punitive. Rather, we look to NRS 113.150(4) to determine whether an award of treble damages under that statute is intended to penalize or compensate. *See Cook County*, 538 U.S. at 130; *see also Barth v. Canyon County*, 918 P.2d 576, 581 (Idaho 1996) (explaining that "[w]hen a statute allows an award beyond actual damages, [a court] must decide whether the award is intended to be a penalty or compensation").

While NRS 113.150 does not characterize the treble damages as a penalty or compensation, it is significant that the Legislature declined to include a mental state element within the statute. It appears that the overriding purpose of NRS 113.150 is to create a statutory private right of action to award a victim adequate com-

---

[2]*See, e.g.*, *Southway Corp. v. Metropolitan Realty*, 206 S.W.3d 250, 257 (Ark. Ct. App. 2005); *Imperial Merchant Services, Inc. v. Hunt*, 212 P.3d 736, 744 (Cal. 2009); *Goodrow v. Lane Bryant, Inc.*, 732 N.E.2d 289, 299 (Mass. 2000); *Cole v. Wilson*, 661 N.W.2d 706, 710 (Neb. Ct. App. 2003); *Debra F. Fink v. Ricoh Corp.*, 839 A.2d 942, 980 (N.J. Super. Ct. Law Div. 2003); *Heights Associates v. Bautista*, 683 N.Y.S.2d 372, 374 (App. Term 1998); *Maxwell v. Samson Resources Co.*, 848 P.2d 1166, 1172 (Okla. 1993); *Tri-Tech Corp. v. Americomp Services*, 646 N.W.2d 822, 827 (Wis. 2002).

pensation to remedy an error or omission in disclosures made in the sale of a personal residence. On its face, the statute is more concerned with compensating the victim than with penalizing a defendant's conscious wrongdoing. *See Barth*, 918 P.2d at 582 (concluding that an award of treble damages was not a penalty when a particular statute did not refer to "penalty" in its title or body); *see also Bullman v. D & R Lumber Co.*, 464 S.E.2d 771, 776 (W. Va. 1995) (concluding that a statute that awarded treble damages was not punitive in nature because it was concerned with the prohibitive conduct, "not with the state of mind of the wrongdoer," and explaining that "[t]he statute does not directly or indirectly speak to punishment or penalties, but refers entirely to damages suffered by the plaintiff[, and t]hus, we find the overriding purpose of the treble damages provision is to award the victim adequate compensation").

There is no indication that the Legislature intended to require a heightened level of mental culpability for claims brought pursuant to NRS 113.150(4). Because it appears that the nature of the damages are concerned with the prohibitive conduct of the seller rather than his state of mind, we conclude that treble damages awarded pursuant to that statute are remedial, not punitive in nature. Thus, we reject Celebrate's argument that we must imply an element of mental culpability.

In this case, the parties do not dispute that Celebrate knew of the soil defect problem and failed to disclose that defect to Webb when he purchased the residence. Therefore, the district court properly awarded as damages against Celebrate treble the amount of Webb's costs to repair or replace the defect, and we affirm that portion of the district court's judgment.

*The district court failed to sufficiently support its conclusion that Shull was not the alter ego of Celebrate*

Webb argues that the district court abused its discretion when it found that he failed to prove that Shull was Celebrate's alter ego under NRS 78.747. That statute provides that a stockholder, director, or officer is not liable for the debt of a corporation, unless the corporation is influenced and governed by the individual, the corporation and the individual are inseparable from each other through unity of interest and ownership, and adherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice. NRS 78.747.[3] "The district court's determi-

---

[3]The parties assume that NRS 78.747, which is part of the statutory chapter governing corporations, applies to the alter ego assertion against Shull and Celebrate, an LLC. Accordingly, for purposes of this appeal, we likewise assume, without deciding, that the statute applies and analyze their alter ego arguments under that standard. *See Montgomery v. eTreppid Technologies, LLC*, 548 F. Supp. 2d 1175, 1180-81 (D. Nev. 2008) (recognizing that federal and

nation with regard to the alter ego doctrine will be upheld on appeal if substantial evidence exists to support the decision." *Lorenz v. Beltio, Ltd.*, 114 Nev. 795, 807, 963 P.2d 488, 496 (1998).

In this case, the district court made several findings that relate to Webb's alter ego claim, including that Shull was a managing member of Celebrate; that Shull purchased the home at issue in his own name and then sold it to Celebrate for one dollar, with Shull's name remaining on the mortgage; that Shull had been a managing member of at least 70 single-transaction limited liability companies, which were created to handle only one transaction and then close; that the financial statements provided by Celebrate showed numerous loan transactions between Shull's many different business entities; and that Celebrate was out of business. Webb maintains that each of these findings supports a conclusion that Shull was the alter ego of Celebrate. However, the district court concluded, without explanation, that Webb failed to prove that Shull is an alter ego of Celebrate Properties.

Because the district court failed to articulate its reasoning, we are unable to review whether the district court abused its discretion. Our review is further hindered by the district court's findings of fact that appear to be at odds with its decision. Since the district court failed to explain its reasoning for denying alter ego status, it is unclear what evidence the district court considered in reaching its decision or whether it reached its conclusion in error.[4] Accordingly, we remand this matter to the district court for it to make findings and conclusions as to whether Shull was the alter ego of Celebrate. *See Frantz v. Johnson*, 116 Nev. 455, 470-71, 999 P.2d 351, 361 (2000) (remanding because the district court entered judgment without considering an applicable statute); *see also Wilford v. Wilford*, 101 Nev. 212, 215, 699 P.2d 105, 107 (1985) ("The district court . . . is required to make specific findings of fact sufficient to indicate the basis for its ultimate conclusions.").

For the reasons stated above, we affirm the district court's judgment, except for the portion of the judgment concerning the alter ego issue, which we vacate. We remand the matter to the district court for further proceedings consistent with this opinion.

Douglas and Parraguirre, JJ., concur.

---

state courts have consistently applied to LLCs corporate laws for piercing the corporate veil under the alter ego doctrine); *In re Giampietro*, 317 B.R. 841, 845-46 (Bankr. D. Nev. 2004) (recognizing that whether the alter ego/corporate veil doctrine applies to LLCs in Nevada is a question of first impression).

[4]Indeed, even respondents argue that "there being no trial transcript and scant trial exhibits in the record, it is impossible for [this c]ourt to determine whether [the district court's alter ego] finding was clearly erroneous and not supported by substantial evidence."