PICKERING, C.J., and GIBBONS, HARDESTY, PARRAGUIRRE, DOUGLAS, and SAITTA, JJ., concur.

MARCIA BERGENFIELD, APPELLANT, *v.*
BANK OF AMERICA, RESPONDENT.

No. 58060

June 6, 2013                  302 P.3d 1141

[Rehearing denied October 4, 2013]
[En banc reconsideration granted in part April 25, 2014]

*Law Office of Jacob L. Hafter & Associates* and *Jacob L. Hafter* and *Michael Naethe*, Las Vegas, for Appellant.

*Akerman Senterfitt, LLP*, and *Ariel E. Stern* and *Heidi Parry Stern*, Las Vegas, for Respondent.

Before GIBBONS, DOUGLAS and SAITTA, JJ.

## OPINION

By the Court, DOUGLAS, J.:

In Nevada, when the deed of trust to real property and the promissory note are held by two different entities and not reunified before mediation in the Foreclosure Mediation Program, the note holder's attendance at the mediation on its own behalf is insufficient to meet the statutory requirement that the deed of trust beneficiary attend and participate in good faith. Here, when the mediation occurred, Bank of America was the holder of the note, but it was not the beneficiary of the deed of trust because the note and deed of trust were intentionally separated at the inception of the loan and were not reunified. The district court therefore erred when it determined that Bank of America had the authority to mediate and when it denied Marcia Bergenfield's petition for judicial review. Thus, we reverse the district court's judgment and remand this matter to the district court for further proceedings.

### FACTS AND PROCEDURAL HISTORY

Appellant Marcia Bergenfield obtained a home loan from Countrywide Home Loans, Inc., and executed a promissory note in

Countrywide's favor. The note was secured by a deed of trust naming Countrywide as the lender and Mortgage Electronic Registration Systems, Inc. (MERS), as beneficiary of the deed of trust. The deed of trust specifically stated that MERS had the authority to transfer the deed of trust. MERS subsequently assigned its interest in the deed of trust to HSBC Bank USA. The assignment stated that it carried the deed of trust along with the underlying note. Meanwhile, Countrywide endorsed the promissory note in blank, meaning that the holder of the note could demonstrate entitlement to payment through possession of the note. Respondent Bank of America later acquired Countrywide and its assets, including Bergenfield's promissory note.

Bergenfield defaulted on the loan and elected to participate in Nevada's Foreclosure Mediation Program (FMP). A mediation scheduling notice was issued that named Bank of America as the deed of trust beneficiary and ReconTrust Co. as the trustee. Before the mediation, Bank of America provided the mediator with certified copies of the note, the deed of trust, and the assignments of the deed of trust.

At the mediation, BAC Home Loans Servicing, LP, appeared through counsel, purporting to represent Bank of America and indicating that it was authorized to modify the loan. HSBC did not attend the mediation and did not send a representative. No agreement was reached. The mediator's statement indicated that BAC failed to bring short sale estimates and that Bergenfield failed to provide updated financial information. The report did not indicate that any party lacked authority to negotiate or failed to attend the mediation. Bergenfield then filed a petition for judicial review, which the district court denied after concluding that the parties had addressed the document production issues to the district court's satisfaction, and that BAC, as Bank of America's representative, had authority to negotiate a loan modification and participated in good faith. This appeal followed.

## DISCUSSION

In this appeal, we address whether a party who purports to hold a promissory note, but who is not the deed of trust beneficiary of record, may participate in an FMP mediation and obtain an FMP certificate permitting it to go forward with foreclosure proceedings. Bergenfield argues that Bank of America lacked authority to negotiate a loan modification at the mediation because the documents provided at the mediation demonstrated that the note and the deed of trust had been assigned to two separate entities and remained split at the time of the mediation. Bank of America contends that

it is the lender and holder of the note and that the assignment of the deed of trust to HSBC did not disturb Bank of America's interest in the loan and its authority to enforce the note.

Nevada law permits the severance and independent transfer of deeds of trusts and promissory notes without impairing the right to ultimately foreclose. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. 505, 519-20, 286 P.3d 249, 258-60 (2012). Thus, it is possible for Bank of America to remain the holder of the note while HSBC is the deed of trust beneficiary. But in order to nonjudicially foreclose a deed of trust of an owner-occupied residence, the party seeking foreclosure must demonstrate that it is both "the current beneficiary of the deed of trust and the current holder of the promissory note." *Id.* at 514, 286 P.3d at 255; *see* NRS 107.080.

This requirement stems from the fact that a deed of trust is a lien on the property to secure the debt and the beneficiary of the deed alone does not have a right to repayment on the loan. *Edelstein*, 128 Nev. at 512, 286 P.3d at 254. Rather, it is the holder of the note that is entitled to repayment. *Id.* Therefore, only when the note and deed of trust are held by the same party is foreclosure proper under NRS Chapter 107. *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. 470, 474, 255 P.3d 1275, 1279 (2011). To that end, NRS 107.086(4) mandates that a deed of trust beneficiary must, among other things, attend the mediation itself or through a representative who has authority to modify the loan or has access at all times to a person with such authority. *Leyva*, 127 Nev. at 475, 255 P.3d at 1278. If the deed of trust beneficiary fails to attend the mediation, the FMP certificate must not issue. *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. 886, 893, 266 P.3d 602, 606-07 (2011).

NRS 107.086(4)'s language requiring the beneficiary of the deed of trust's attendance clearly and unambiguously precludes the holder of the note from attending and participating in an FMP mediation on its own behalf, when it is not also the beneficiary of the deed of trust. *See Webb v. Shull*, 128 Nev. 85, 88-89, 270 P.3d 1266, 1268 (2012) (holding that a statute's words will be given their plain meaning). Thus, when a deed of trust and promissory note have been severed, whether at the inception of the loan or by subsequent assignment, the instruments must be reunified to establish proper authority to participate in the FMP. *See Edelstein*, 128 Nev. at 522, 286 P.3d at 260-61. That did not happen here.

At the underlying mediation, the recorded beneficiary of the deed of trust, HSBC, did not attend. Accepting Bank of America's

assertion that it is the holder of the note and consequently had authority to negotiate the loan, it nevertheless was not the beneficiary of the deed of trust, and therefore, failed to demonstrate its authority to nonjudicially foreclose and to participate in the FMP mediation. Although the district court found that Bank of America had authority to negotiate the loan, that finding does not overcome the fact that Bank of America was not the beneficiary of the deed of trust at the time of mediation, based on the recorded assignment from MERS to HSBC. *Id.* at 520-21, 286 P.3d at 260 (recognizing that on appeal this court gives deference to the district court's factual findings and reviews its legal determinations anew). In this instance, no FMP certificate could validly issue, and sanctions were mandated. *Leyva*, 127 Nev. at 480, 255 P.3d at 1281; *see Holt*, 127 Nev. at 893, 266 P.3d at 607.

### CONCLUSION

Because Bank of America was not the deed of trust beneficiary at the time of the FMP mediation, we conclude that it failed to satisfy NRS 107.086(4)'s attendance and participation requirement. Consequently, the district court erred when it denied Bergenfield's petition for judicial review. We therefore reverse the judgment of the district court and remand this matter to the district court for proceedings consistent with this opinion.[1]

GIBBONS and SAITTA, JJ., concur.

---

[1]Because we reverse on this basis, we do not address Bergenfield's argument that Bank of America's response to her petition for judicial review wrongfully revealed confidential information.