# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SUN CITY SUMMERLIN COMMUNITY ASSOCIATION, INC.; RICHARD POST; AND MASAKO POST,<br>Appellants,<br>vs.<br>CLARK COUNTY, NEVADA, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; CLARK COUNTY ASSESSOR; AND STATE BOARD OF EQUALIZATION,<br>Respondents. | No. 75914<br><br>**FILED**<br><br>OCT 3 1 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |
| SUN CITY SUMMERLIN COMMUNITY ASSOCIATION, INC.; RICHARD POST; AND MASAKO POST,<br>Appellants,<br>vs.<br>CLARK COUNTY, NEVADA, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; CLARK COUNTY ASSESSOR; AND STATE BOARD OF EQUALIZATION,<br>Respondents. | No. 76791 |

## ORDER OF AFFIRMANCE

This is a consolidated appeal from district court orders dismissing a petition for judicial review and denying a motion to vacate in a property tax matter. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

This appeal stems from respondent Clark County Assessor's tax valuations of five common area parcels of improved real property owned by appellants Sun City Summerlin Community Association and Richard and Masako Post (collectively[TO1], Sun City). [TO2]In November 2017, the respondent State Board of Equalization (SBOE) ruled against Sun City.

SUPREME COURT<br>OF<br>NEVADA<br><br>(O) 1947A

19-44847

Sun City filed a petition for judicial review and a motion to vacate the SBOE's decision, naming Clark County, Clark County Assessor, and the SBOE as respondents. Respondents filed a motion to dismiss the petition for judicial review based on Sun City's failure to name and serve all parties of record to the SBOE proceeding in compliance with NRS 233B.130(2)(a). In particular, respondents argued that Sun City failed to name Rhodes Ranch Association, Inc., Rhodes Ranch General Partnership, Rhodes Ranch GP, PN II, Inc., Club Madeira Unit Owners, and Club at Madeira Canyon Unit Owner's Association (collectively[TO3], Rhodes Ranch). The district court dismissed the petition for judicial review and subsequently denied the motion to vacate. This appeal followed.

Sun City argues that it named all parties of record pursuant to NRS 233B.130(2)(a). When construing a statute, this court uses de novo review. *Webb v. Shull*, 128 Nev. 85, 88, 270 P.3d 1266, 1268 (2012). Under NRS 233B.130(2)(a), petitions for judicial review must: "(a) Name as respondents the agency and all parties of record to the administrative proceeding." "'Party' means each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party, in any contested case." NRS 233B.035.

In *Washoe County v. Otto*, 128 Nev. 424, 432-33, 282 P.3d 719, 725 (2012), this court affirmed that "pursuant to NRS 233B.130(2)(a), it is mandatory to name all parties of record in a petition for judicial review of an administrative decision." Furthermore, this court determined "that a party must strictly comply with the APA naming requirement as a prerequisite to invoking the district court's jurisdiction. Thus, when a petitioner fails to name in its petition each party of record to the underlying

administrative proceedings, the petition is jurisdictionally defective and must be dismissed." *Id.* at 426, 282 P.3d at 721.

Sun City asserts that it correctly named as respondents only the prevailing parties at the SBOE hearing. Further, it contends that Rhodes Ranch was not before the SBOE at the hearing and that even if it was, Sun City did not have to name Rhodes Ranch because Rhodes Ranch had notice of the SBOE's decision and was unaffected by Sun City's appeal. Sun City points to the November 2017 Notice of Decision case caption that proclaims the matter as between Sun City and Clark County.

We reject Sun City's argument because it is inconsistent with NRS 233B.130(2)(a) and this court's strict interpretation of the naming requirement in *Otto*. *See Otto*, 128 Nev. at 432-33, 282 P.3d at 725.

Rhodes Ranch was a party of record in the SBOE proceeding. *See* NRS 233B.035. The SBOE's August 2017 Notice of Hearing on Remand from the Eighth Judicial District Court named the Rhodes Ranch cases in addition to the Sun City cases in the case caption. *See* NAC 361.7016(1) (allowing the SBOE to consolidate cases that "present substantially the same issues of fact, law or valuation"). Sun City named Rhodes Ranch in its opening brief to the SBOE hearing. At the SBOE hearing the SBOE confirmed that other petitioners in the matter were properly noticed of the hearing and the Assessor's office indicated that the Rhodes Ranch cases were still in play. Most importantly, the SBOE's November 2017 Notice of Decision named all of the case numbers associated with the Rhodes Ranch cases in addition to those of the Sun City cases. Because the naming requirement in NRS 233B.130(2)(a) is mandatory, it is irrelevant whether Rhodes Ranch prevailed in the case, had notice of the SBOE decision, or was

impacted by Sun City's appeal. *See Otto*, 128 Nev. at 432-33, 282 P.3d at 725. Rhodes Ranch was a party of record.

Sun City failed to name Rhodes Ranch in its petition for judicial review and never served Rhodes Ranch a copy. *Cf. Prevost v. State, Dep't of Admin.*, 134 Nev. 326, 328, 418 P.3d 675, 676-77 (2018) (concluding that failure to name a party of record in the caption is not necessarily fatal where the party is named in the body of the petition *and* is properly served with the petition for judicial review).

The district court only has authority to review administrative proceedings when the Nevada Administrative Procedure Act specifically grants it jurisdiction. Per *Otto*, failing to strictly comply with NRS 233B.130(2)(a) divests the district court of jurisdiction. *See Otto*, 128 Nev. at 432-33, 282 P.3d at 725. Therefore, the district court was correct in dismissing Sun City's petition for judicial review for lack of jurisdiction. We need not reach Sun City's arguments related to the district court's denial of its motion to vacate because the district court had no jurisdiction to entertain that motion. *See* NRS 233B.130(6).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Linda Marie Bell, Chief Judge
Stephen E. Haberfeld, Settlement Judge
Snell & Wilmer, LLP/Las Vegas
Frazer Ryan Goldberg & Arnold LLP
DeConcini McDonald Yetwin & Lacy, P.C.
Clark County District Attorney/Civil Division
Attorney General/Las Vegas
Eighth District Court Clerk