141 Nev., Advance Opinion 1

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CITY OF LAS VEGAS, A LOCAL
GOVERNMENT EMPLOYER,
Appellant,
vs.
LAS VEGAS POLICE PROTECTIVE
ASSOCIATION, A NEVADA
NONPROFIT CORPORATION;
JONATHON BURDETTE, AN
INDIVIDUAL AND MEMBER OF THE
LAS VEGAS POLICE PROTECTIVE
UNION; AND JOHN ARVANITES, AN
INDIVIDUAL AND MEMBER OF THE
LAS VEGAS POLICE PROTECTIVE
UNION,
Respondents.

No. 86089



FILED

JAN 09 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting summary judgment in an action for declaratory and injunctive relief based on NRS 289.070. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.

*Affirmed.*

Jeffry M. Dorocak, City Attorney, and Nechole M. Garcia, Deputy City Attorney, Las Vegas,
for Appellant.

Sgro & Roger and Anthony P. Sgro and Alanna C. Bondy, Las Vegas; Las Vegas Police Protective Association and David J. Roger, Las Vegas,
for Respondents.

25- 01147

BEFORE THE SUPREME COURT, EN BANC.[1]

*OPINION*

By the Court, STIGLICH, J.:

The Nevada Peace Officer's Bill of Rights (POBR), codified at NRS 289.010-.120, provides important protections for peace officers. Among these, a peace officer facing potential punitive action must receive, before any interrogation, notice that includes, among other things, the "name and rank of the officer in charge of the investigation and the officers who will conduct any interrogation or hearing." NRS 289.060(2)(d). The dispute at issue in this appeal arose when a peace officer was subject to punitive action, and the disciplinary investigation was conducted by a city human resources employee instead of a peace officer. This prompted the underlying complaint for declaratory and injunctive relief against the city. The district court granted summary judgment against the city, determining that it had violated the POBR. Because we agree that the POBR requires that an investigatory interview be conducted by a peace officer, rather than another public employee, we affirm.

*FACTS AND PROCEDURAL HISTORY*

Respondents John Arvanites and Jonathon Burdette are both peace officers employed by appellant City of Las Vegas as Deputy City Marshal Sergeants. A City employee lodged a complaint against Arvanites, and he was sent a notice indicating that he was the subject of an investigation. Burdette received notice that he was a witness in the internal investigation concerning Arvanites. Because the complaint alleged

---

[1]The Honorable Ron D. Parraguirre, Justice, being disqualified, did not participate in the decision of this matter.

harassment, retaliation, and the creation of a hostile work environment in an employment context, the City referred the complaint to its Human Resources Department. Arvanites and Burdette each received notice from the City that they would be interviewed by human resources analyst Lori Petsco, who would be "leading the investigation." Petsco subsequently interviewed both individuals.

Respondent Las Vegas Police Protective Association (LVPPA), Arvanites, and Burdette sued the City for declaratory and injunctive relief to prevent the City from using civilian employees to lead investigations or conduct interviews in disciplinary proceedings against peace officers. Respondents asserted that NRS 289.060 required a ranked peace officer to conduct any interview in a disciplinary proceeding against another peace officer and moved for summary judgment. The City countered that the statute did not require a peace officer to conduct interviews and that it was appropriate to transfer the matter to human resources, which had more expertise addressing harassment allegations.

The district court granted LVPPA's motion for summary judgment. The court noted that a peace officer investigated within the scope of the POBR must be provided with the name and rank of the peace officer who will conduct the investigation. It declared, therefore, that the City must ensure that a peace officer conducts any interrogation or hearing in connection with that investigation. And the court correspondingly enjoined the City from allowing an individual who is not a peace officer from conducting an interrogation, interview, or hearing in connection with such an investigation. This appeal followed.

*DISCUSSION*

The City argues that the term "officer" in NRS 289.060(2)(d) is distinguishable from "peace officer" and that the statute's use of "officer" in this context did not limit it from enlisting other suitable employees to conduct an investigation. It argues that the implied requirement that the officer have a "rank" does not limit the class of eligible individuals to peace officers. The City thus contends that the district court erred in granting summary judgment.

We review de novo both a grant of summary judgment, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and a question of statutory interpretation, *Webb v. Shull*, 128 Nev. 85, 88, 270 P.3d 1266, 1268 (2012). A district court order granting declaratory and injunctive relief is reviewed de novo when it turns on a question of law. *Educ. Initiative PAC v. Comm. to Protect Nev. Jobs*, 129 Nev. 35, 41, 293 P.3d 874, 878 (2013). The parties agree there are no genuine disputes of material fact here, and thus, the dispositive issue in this appeal is the construction of NRS 289.060.

The court begins its interpretation of a statute with its text, and we will not go beyond its plain language when the statute is clear. *Webb*, 128 Nev. at 88-89, 270 P.3d at 1268. "In interpreting the plain language of a statute, we presume that the Legislature intended to use words in their usual and natural meaning." *McGrath v. State, Dep't of Pub. Safety*, 123 Nev. 120, 123, 159 P.3d 239, 241 (2007). The court reads a statute as a whole, *Davis v. Beling*, 128 Nev. 301, 311, 278 P.3d 501, 508 (2012), and "whenever possible, a court will interpret a rule or statute in harmony with other rules or statutes," *Watson Rounds, P.C. v. Eighth Jud. Dist. Ct.*, 131 Nev. 783, 789, 358 P.3d 228, 232 (2015) (quoting *Nev. Power Co. v. Haggerty*, 115 Nev. 353, 364, 989 P.2d 870, 877 (1999)). When a statute is ambiguous,



the court will examine the context and spirit of the law to determine the Legislature's intent. *Leven v. Frey*, 123 Nev. 399, 405, 168 P.3d 712, 716 (2007). The court also looks to legislative history and "constru[es] the statute in a manner that conforms to reason and public policy." *Zohar v. Zbiegien*, 130 Nev. 733, 737, 334 P.3d 402, 405 (2014) (quoting *Great Basin Water Network v. Taylor*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010)).

We first consider the text of NRS 289.060, enacted as part of the Nevada POBR. In connection with potential punitive action, NRS 289.060 entitles peace officers to protections such as the right to a hearing and to the presence of a representative when being questioned. NRS 289.020(2)-(3). A law enforcement agency may commence an investigation of a peace officer in response to an allegation for which punitive action may be warranted. NRS 289.057(1). A peace officer being investigated or who will serve as a witness also has a right to written notice of the investigation. NRS 289.060(1). "The notice provided to the peace officer who is the subject of the investigation must include . . . [t]he name and rank of the officer in charge of the investigation and the officers who will conduct any interrogation or hearing." NRS 289.060(2).

We first conclude that NRS 289.060(2) requires that an officer with a rank lead an investigation because it requires notice who that individual will be. The statute, however, does not define "officer" and is thus ambiguous in this regard. To resolve this ambiguity, we look first to the legislative history of the statute. The POBR was enacted in 1983. 1983 Nev. Stat., ch. 628, §§ 1-12, at 2096-98. The version originally enacted featured the same notice provision as currently codified at NRS 289.060(2)(d), referring to "the officer in charge of the investigation." *See id.*, § 7(1)(b), at 2097. It also provided that for the "peace officer" being

investigated, the law enforcement agency must "inform the officer" and "[i]nterrogate the officer" in particular fashions. *Id.*, § 7, at 2097. The statute thus indicates that the Legislature intended to treat "peace officer" and "officer" as synonymous in this context. The notice provision has not been subsequently amended, and we discern no basis to deviate from the original usage. This construction accords with other statutes within NRS Chapter 289 where the Legislature uses "officer" as shorthand for "peace officer." *See, e.g.*, NRS 289.070(3) (using "peace officer" and "officer" interchangeably); NRS 289.510(2)(a)(3)(III) (same).

This also aligns with a reasonable construction of "officer" in context. Given that the statute provides that a law enforcement agency may investigate colorable allegations against one of its peace officers, NRS 289.057, it follows naturally that "rank" and "the officer in charge" in NRS 289.060(2)(d) refer to rank within the agency and, thus, a peace officer within it as well. Moreover, the investigation pursuant to these provisions is an "internal" one, *see Las Vegas Police Protective Ass'n, Inc. v. Eighth Jud. Dist. Ct.*, 138 Nev. 632, 633, 515 P.3d 842, 844 (2022) (characterizing a POBR investigation as "as an internal investigation"), and it is reasonable to conclude that an internal investigation of a peace officer would be conducted by another peace officer inside, and thus internal to, the agency. Public policy likewise supports this reading in that it ensures that the investigation is conducted by one familiar with the standards and experiences particular to peace officers. *See Ruiz v. City of North Las Vegas*, 127 Nev. 254, 264 n.9, 255 P.3d 216, 223 n.9 (2011) (recognizing that the POBR reflects the Legislature's determination "that peace officers, because of the important role they play in maintaining public safety, deserve additional protections that are unavailable to other public employees").

And further, interpreting "officer" as "peace officer" conforms with our previous, similar interpretation of a separate statute using the same term. *See Washoe Cnty. Sheriff v. Zimmerman*, 99 Nev. 480, 482, 663 P.2d 1194, 1195 (1983) ("The statute providing an enhanced penalty for committing a battery upon an officer is obviously meant for the protection of peace officers."). Therefore, we conclude that NRS 289.060(2)(d) envisions that a ranked peace officer must conduct any investigation that could result in punishment against another peace officer.

The City's view that "officer" may include non-peace-officer City officials is repelled by additional statutes within NRS Chapter 289. Where the Legislature intended to create a role for other municipal employees, it has done so explicitly, providing for action by "an officer or employee." *See* NRS 289.110(6) ("As used in this section, 'improper governmental action' means any action taken by an officer or employee of a law enforcement agency, while in the performance of the officer's or employee's official duties which is in violation of any state law or regulation."); *see also* NRS 289.840 ("Any officer or employee of a law enforcement agency who, in his or her professional or occupational capacity, knows or has reasonable cause to believe . . . ."). To determine that "officer" as used in NRS 289.060(2)(d) includes municipal employees rather than ranked peace officers would render the use of "employee" in related contexts superfluous. Therefore, we reject the City's construction.

Other states that have enacted analogous law enforcement bills of rights to offer procedural protections for peace officers support our conclusion. Rhode Island, for one, adopted a statutory scheme that regulates when a law enforcement officer is being investigated or interrogated, including a requirement that, similar to NRS 289.060(2)(d),

the accused law enforcement officer be given notice of the "name, rank, and command of the officer in charge of the investigation, the interrogating officer, and all persons present during the interrogation." 42 R.I. Gen. Laws § 42-28.6-2(a)(3). Interpreting this provision, the Supreme Court of Rhode Island has concluded its scheme governs departmental investigations, such that civilians may not conduct these investigations. *Providence Lodge No. 3, Fraternal Order of Police v. Providence External Rev. Auth.*, 951 A.2d 497, 507 (R.I. 2008). And Florida, in turn, specifically bars by statute civilian oversight of investigations involving law enforcement agencies of complaints of misconduct by law enforcement or correctional officers. Fla. Stat. § 112.533(3)(b).

As in Rhode Island and Florida, the Nevada POBR provides procedural safeguards for investigations involving law enforcement officers. Nothing in NRS Chapter 289 prevents a peace officer investigating another peace officer from seeking assistance from human resources employees, legal counsel, or others who have specialized knowledge and experience in such matters. NRS 289.060 simply requires that the investigating peace officer remain in charge of the investigation. Therefore, we conclude the district court properly determined NRS 289.060(2)(d) requires a ranked peace officer to lead the disciplinary investigation into another peace officer.

## CONCLUSION

NRS 289.060(2)(d) requires a peace officer to lead an investigation or conduct interrogations and hearings in a proceeding where another peace officer may be subject to punitive action. Accordingly, we agree with the district court that the City violated NRS 289.060(2)(d) by having a human resources employee lead the investigation regarding

 

Arvanites. We thus affirm its order granting summary judgment as to respondents' request for declaratory and injunctive relief.

_____, J.
Stiglich

We concur:

_____, C.J.
Herndon

_____, J.
Pickering

_____, J.
Bell

_____, J.
Cadish

_____, J.
Lee