141 Nev., Advance Opinion 11

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CLARK COUNTY SCHOOL DISTRICT, Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE RHONDA KAY FORSBERG, DISTRICT JUDGE, Respondents, and ANGALIA B., AS EDUCATIONAL DECISION MAKER FOR J.B.; AND J.B., SUBJECT MINOR, Real Parties in Interest. | No. 89127  |

Original petition for a writ of mandamus or prohibition challenging a district court order directing the production of education records.

*Petition granted.*

Greenberg Traurig, LLP, and Mark Ferrario, Kara B. Hendricks, Akke Levin, and Elliot Anderson, Las Vegas; Clark County School District, Office of the General Counsel, and Patrick J. Murch, Las Vegas, for Petitioner Clark County School District.

Legal Aid Center of Southern Nevada, Inc., and Kimberly Abbott and Marina Dalia-Hunt, Las Vegas, for Real Party in Interest J.B.

25-10292

McCoy Law Group and Brandon W. McCoy, Las Vegas,
for Real Party in Interest Angalia B.

---

BEFORE THE SUPREME COURT, HERNDON, C.J., and BELL and LEE, JJ.

## OPINION

By the Court, LEE, J.:

This petition for writ relief concerns whether emails stored in a school district's database but not placed in a student's permanent file qualify as "education records" under the federal Family Education Rights and Privacy Act (FERPA). The district court ordered Clark County School District (CCSD) to comply with a request for education records under FERPA by producing all emails stored in CCSD's Google Vault (a cloud-based electronic database) that referenced a certain student. The district court determined that the emails are considered "education records" under FERPA because they contain information directly related to the student and are maintained by or on behalf of CCSD. We agree that the emails are "maintained" by the school district because they are electronically stored in the school district's email database. However, because CCSD failed to identify or produce any emails, we conclude the district court erred in determining that the emails are "directly related" to the student without first assessing the content of those emails.

### FACTS AND PROCEDURAL HISTORY

Real party in interest Angalia B. is the legal guardian and court-appointed Educational Decision Maker (EDM) for real party in

interest minor child J.B., who is a student at a CCSD elementary school. As J.B.'s EDM, Angalia is permitted to access J.B.'s education records pursuant to FERPA and NRS 392.029(1), which govern education records requests. After submitting a formal records request to CCSD and receiving J.B.'s education records, Angalia suspected certain emails were missing. Angalia then made an additional request for "all communications concerning said student, including but not limited to emails . . . stored in the Google Vault . . . ." When CCSD did not respond to this request, Angalia filed a motion to join CCSD to J.B.'s ongoing dependency case and to compel CCSD to produce "any and all correspondence" stored in CCSD's Google Vault concerning J.B. CCSD opposed the motion, arguing that the requested emails were not education records under NRS 392.029(1) and FERPA, as they were not included in J.B.'s permanent file. Therefore, CCSD argued, it was not required to provide these emails to Angalia. The district court determined that the emails were both related to J.B. and maintained by CCSD and therefore constituted "education records" for the purposes of FERPA. The district court granted the motion and ordered CCSD to produce the subject emails. CCSD filed the instant petition for a writ of mandamus or prohibition seeking to vacate the district court's order.[1]

## DISCUSSION

Writ relief is an extraordinary remedy available only in extraordinary circumstances, when there is no "plain, speedy and adequate remedy in the ordinary course of law." *Archon Corp. v. Eighth Jud. Dist.*

---

[1]We stayed the district court's order to produce the emails while reviewing the request for writ relief. In light of this opinion, we vacate the stay imposed by that August 15, 2024, order.

*Ct.*, 133 Nev. 816, 819, 407 P.3d 702, 706 (2017). "A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, or to control a manifest abuse or an arbitrary or capricious exercise of discretion." *Segovia v. Eighth Jud. Dist. Ct.*, 133 Nev. 912, 912, 407 P.3d 783, 785 (2017) (internal quotation marks omitted); *see also* NRS 34.160. We find that CCSD has no adequate and speedy legal remedy and that a petition for a writ of mandamus is the proper vehicle for challenging the district court's order. CCSD was joined as a party in dependency proceedings for the sole purpose of assuring compliance with NRS 392.029(1). This is not an ordinary civil action that will end in a final judgment from which CCSD could appeal, and NRS Chapters 392 and 432B do not provide CCSD with a right to appeal from the order joining it as a party and compelling it to produce all emails related to J.B. For this reason, we entertain CCSD's writ petition.[2]

*FERPA defines education records as records directly related to a student and maintained by the educational institution*

The determination of whether the emails are "education records" under FERPA involves statutory interpretation, which is a question of law we review de novo. *Marquis & Aurbach v. Eighth Jud. Dist. Ct.*, 122 Nev. 1147, 1156 & n.15, 146 P.3d 1130, 1136 & n.15 (2006). FERPA is a federal law enacted over 50 years ago that grants parents the right to "inspect and review the education records of their children." 20 U.S.C. § 1232g(a)(1)(A). It conditions access to federal funding on both preserving

---

[2]CCSD alternatively seeks a writ of prohibition; however, because it failed to make any claims that the district court exceeded or otherwise lacked jurisdiction, we conclude such relief would be improper. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

these rights and preventing the release of such information without the consent of parents. 20 U.S.C. § 1232g(b)(1). Nevada has incorporated FERPA in state law through NRS 392.029, requiring compliance with FERPA's laws and definitions. NRS 392.029(1) permits parents or legal guardians to make a request for their child's education records. And these rights are extended to guardians and individuals authorized to make educational decisions on behalf of children through NRS 432B.462. Both NRS 392.029(10) and NRS 432.028(4)(a), which governs a child welfare agency's ability to obtain education records, specifically refer to FERPA for the meaning of the term "education records." Under FERPA, "education records" are defined as "those records, files, documents, and other materials" that (1) "contain information directly related to a student" and (2) "are maintained by an educational agency or institution." 20 U.S.C. § 1232g(a)(4).

CCSD argues that the subject emails are neither directly related to J.B. nor maintained by CCSD and, therefore, are not education records and that the district court erred in finding that they should be turned over to Angalia. While we agree that CCSD maintains the subject records, as will be discussed further herein, we conclude that neither we nor the district court has sufficient information to determine that the emails contain information directly related to J.B.

*The district court must review the emails to determine if they are directly related to J.B.*

While there is no specific definition of "directly related," other courts' interpretations of the phrase prove instructive. The legislative record indicates that Congress intended for the definition of "education records" to be broad in scope. *Belanger v. Nashua, N.H. Sch. Dist.*, 856 F. Supp. 40, 48 (D.N.H. 1994). However, despite being broadly defined, an

Supreme Court
of
Nevada

5

education record "does not encompass every document that relates to a student in any way . . . ." *BRV, Inc. v. Super. Ct.*, 49 Cal. Rptr. 3d 519, 526 (Ct. App. 2006). Records that include information about a student, but are primarily about someone or something else, are not considered directly related. *BRV*, 49 Cal. Rptr. 3d 519 at 527 (holding that a report investigating a school administrator was not directly related to particular students despite including those students' names and activities).

Additionally, courts have determined that education records need not be tied to academics to be directly related to a student's education. *See W. Chester Univ. of Penn. v. Rodriguez*, 216 A.3d 503, 509 (Pa. Commw. Ct. 2019) (finding that the fact that emails concerned students' *nonacademic* activities was not dispositive to show that the emails were not directly related to the students). These records may instead be focused on a student's discipline, safety, or other school-related conditions. *Cent. Dauphin Sch. Dist. v. Hawkins*, 253 A.3d 820, 830-31 (Pa. Commw. Ct. 2021) (finding a record is "directly related" to a student when it is used for disciplinary purposes, to show a student's actions or victimization, or to display personally identifiable information). Nor must those records even be created by the school, so long as they are otherwise relevant to a student's education and maintained by the school. *Belanger*, 856 F. Supp. at 50 (determining that records from a juvenile court proceeding were education records because the student's legal trouble "had a direct bearing on his educational and residential placement").

It is impossible to determine if a record is directly related to a student without first ascertaining the content of the record itself. CCSD contends that the requested emails may only tangentially mention J.B. by his name, initials, or student ID number and are therefore not "directly

(O) 1947A

related" to him. However, this assessment is speculative and premature where CCSD admittedly has not searched for or reviewed any emails mentioning J.B. stored in Google Vault. While it is entirely possible that the emails mention J.B. without being directly related to him, this determination cannot be made without first reviewing the emails. The subject emails should therefore be submitted to the court for an in camera review so that it can make a determination as to whether they are directly related to J.B.

While we recognize CCSD's assertions regarding the cost-prohibitive nature of compiling the subject emails, CCSD has also acknowledged the feasibility of directing an IT specialist to perform such a search. If the court determines that the emails are directly related to J.B., the finding will satisfy the first half of the definition of education records under FERPA.

*Records are maintained by an educational institution when they are stored in a central, secure location or database*

To be considered education records pursuant to FERPA, records must also be "maintained" by an educational institution. CCSD argues that the emails stored in Google Vault—a secure, electronic database—are not maintained by CCSD because they are not intentionally placed into a specific, central file designated for J.B. CCSD relies on *Owasso Independent School District No. I-011 v. Falvo*, 534 U.S. 426, 433 (2002), which concluded that "[t]he word 'maintain' suggests FERPA records will be kept in a filing cabinet in a records room at the school or on a permanent secure database, perhaps even after the student is no longer enrolled." Conversely, Angalia argues that *Owasso* plainly allows for education records to be maintained on a "permanent secure database," like Google Vault. *Owasso*, 534 U.S. at 433.

Supreme Court
of
Nevada

(0) 1947A

Notably, *Owasso*, the leading case on this issue, was decided when databases such as Google Vault did not yet exist. In these earlier days of internet technology, someone wishing to save an email may have had to intentionally save it to a file, or perhaps even print it. The evolution of technology as it pertains to storage of documents has allowed for digital storage systems such as Google Vault, which can immediately and permanently store all emails, negating the need to intentionally save and organize files. And while some courts suggest that to maintain a record, the institution must display some level of intent to separate that record out, we do not find this to be a binding requirement under FERPA or *Owasso*. A record is maintained when it is stored on an educational institution's secure database or storage system. We read "maintained" broadly so as to accommodate any future unknowable storage format that would otherwise, by way of ever-evolving technology, undermine our determination today. We find that the records stored on CCSD's Google Vault are maintained by CCSD and therefore satisfy the second prong of the education records definition under FERPA.

## *CONCLUSION*

FERPA defines "education records" as records that are both directly related to the student and maintained by the educational institution. The district court properly determined that emails stored in CCSD's Google Vault were maintained by CCSD but erred in finding that the emails were directly related to J.B. without first assessing the content of those emails. Accordingly, we grant the petition and direct the clerk of

SUPREME COURT
OF
NEVADA

8

(O) 1947A

this court to issue a writ of mandamus directing the district court to vacate the order compelling CCSD to provide the subject emails to Angalia. Further, the writ of mandamus shall compel the court to perform an in camera review of all emails maintained by CCSD that mention J.B. by name, initial, or student ID number to determine whether the emails are directly related to J.B.

_____, J.
Lee

We concur:

_____, C.J.
Herndon

_____, J.
Bell

